IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY L. PLOTKIN,

                Plaintiff,

      v.

"THE ASTORIAN"; EO MEDIA GROUP; KARI BORGEN; and STEPHEN FORRESTER,

                Defendants.[1]

Case No. 3:20-cv-01865-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on defendants *The Astorian*, EO Media Group, Kari Borgen ("Borgen"), and Stephen Forrester's ("Forrester") (together, "Defendants") motion to dismiss plaintiff Barry Plotkin's ("Plotkin") first amended complaint for failure to state a claim. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court grants Defendants' motion to dismiss.

---

[1] The Court directs the Clerk to revise the docket to reflect the correct spelling of defendant Forrester's first name as "Stephen."

## BACKGROUND

On or about October 21, 2020, Plotkin met with a representative of *The Astorian*, an Oregon-based newspaper.² (First Am. Compl. ("FAC") ¶¶ 6-7, 12.) The purpose of the meeting was for Plotkin to pay *The Astorian* to run a political advertisement. (FAC ¶ 12.) Plotkin's proposed advertisement related to two individuals running for elective office in Astoria, Oregon. (FAC ¶ 13.) *The Astorian* initially agreed to run Plotkin's advertisement so long as the advertisement contained a disclosure that it was a "Paid Advertisement." (FAC ¶ 14.)

Shortly after *The Astorian* published the advertisement, a representative of *The Astorian* informed Plotkin that it would be withdrawing the advertisement from publication after one of the subjects of the advertisement complained. (FAC ¶¶ 16-18.) Plotkin requested further information from Borgen, *The Astorian*'s publisher, about why *The Astorian* withdrew his advertisement, and Borgen informed Plotkin that *The Astorian* would be willing to publish the advertisement again so long as Plotkin included his "name and address and/or phone number" on the advertisement. (FAC ¶¶ 19-21.) Borgen informed Plotkin that a name and contact information are required under *The Astorian's* advertising policy. (FAC ¶ 21.) Plotkin responded that *The Astorian's* advertising policy violated Oregon law and that the removal of the advertisement violated his First Amendment rights under the United States Constitution. (FAC ¶ 22.) Borgen did not reply to Plotkin's objections, and *The Astorian* withdrew the advertisement from publication. (FAC ¶¶ 23-24.)

---

² The parties do not dispute that *The Astorian* is a privately owned newspaper. (*Compare* Defs.' Mot. to Dismiss at 8 ("Defs.' Mot."), "[*The Astorian*] is a privately-owned newspaper[,]" *with* Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s Resp.") at 4, arguing that some "private property is so functionally akin to public property that private owners may not forbid expression upon it", *and* Pl.'s Surreply at 1-2, stating that this case concerns whether "private news organizations," who function without interference by the state, have a "concomitant obligation to function as public forums for the free exchange of ideas among citizens").

**LEGAL STANDARDS**

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has "held that dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)). Dismissal with prejudice is proper if amendment would be futile. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991))).

**DISCUSSION**

**I.    FAILURE TO STATE A CLAIM**

Defendants move to dismiss Plotkin's First and Fourteenth Amendment claims with prejudice on the ground that *The Astorian* is not a state actor and therefore Plotkin has failed to

state a plausible claim for relief.³ For the reasons explained below, the Court grants Defendants' motion to dismiss.

### A. Applicable Law

"The Free Speech Clause of the First Amendment prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020). Therefore, the threshold question for a First Amendment claim is whether the party restricting speech is a state actor. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (holding that the First Amendment "prohibits only governmental abridgment of speech," and "does not prohibit private abridgment of speech").

A private entity may be a state actor when "the private entity performs a traditional, exclusive public function[.]" *Id.* (citation omitted). "It is 'not enough' that the relevant function is something that a government has 'exercised . . . in the past, or still does' or 'that the function serves the public good or the public interest in some way.'" *Prager Univ.*, 951 F.3d at 997 (quoting *Halleck*, 139 S. Ct. at 1928-29).

The Supreme Court "has stressed that 'very few' functions fall into that category." *Halleck*, 139 S. Ct. at 1929 (citing the examples of running elections or operating a company town) (citations omitted). Further, "[t]he Court has ruled that a variety of functions do not fall into that category, including, for example: running sports associations and leagues, administering insurance payments, operating nursing homes, providing special education, representing indigent criminal defendants, resolving private disputes, and supplying electricity." *Id.* (citations omitted).

---

³ Plotkin's Fourteenth Amendment claim is identical to his First Amendment claim. (*See* FAC ¶¶ 25-31, invoking the First and Fourteenth Amendments, but referring only to a single "claim for relief" based on Defendants' removal of Plotkin's advertisement) (bold typeface and caps omitted).

PAGE 4 – OPINION AND ORDER

Further, "merely hosting speech by others is not a traditional, exclusive public function and does not alone transform private entities into state actors subject to First Amendment constraints." Halleck, 139 S. Ct. at 1930.

### B.     Analysis

Defendants argue that *The Astorian* acted as a private entity—not a state actor—when it removed Plotkin's advertisement from its publication, and therefore Plotkin's allegations fail to meet the threshold required to prove that Defendants' actions violated the First Amendment. The Court agrees.

Like the public access television channel in *Halleck*, here a newspaper does not perform a traditional or exclusive government function. *See Halleck*, 139 S. Ct. at 1929 ("The relevant function in this case is operation of public access channels on a cable system. That function has not traditionally and exclusively been performed by government."); *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1214 (9th Cir. 2002) (holding that a newspaper "was not liable as a state actor" under any of the plaintiff's state action theories); *Byers v. The Reg. Guard*, No. CV 04-438-HU, 2004 WL 1615220, at *1 (D. Or. July 19, 2004) (dismissing civil rights claims against the Eugene Register Guard in light of "the absence of an allegation that the defendant acted under color of state law"). On the contrary, a press free and independent from the government is a basic tenet of our democracy. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 248-56 (discussing the history of the press and how the separation between the government and the press is necessary to allow for "the free expression of views"). Thus, Defendants are not state actors and Plotkin's constitutional claims have no merit.

Plotkin attempts to salvage his claims by arguing that the dispositive issue here is not whether *The Astorian* is a state actor, but whether *The Astorian*'s creation of a public forum prevents it from limiting Plotkin's speech under the First Amendment. (Pl.'s Resp. at 2-3; Pl.'s

PAGE 5 – OPINION AND ORDER

Surreply at 2.) The Supreme Court has rejected that argument, holding that when a private entity "provides a forum for speech, the private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor." *Halleck*, 139 S. Ct. at 1930 (rejecting the same argument Plotkin raises here, because "[t]hat analysis mistakenly ignores the threshold state-action question"); *see also Prager Univ.*, 951 F.3d at 997 ("YouTube may be a paradigmatic public square on the Internet, but it is 'not transformed' into a state actor solely by 'provid[ing] a forum for speech'" (quoting *Halleck*, 139 S. Ct. at 1930, 1934)); *Belknap v. Alphabet, Inc.*, --- F. Supp. 3d ---, 2020 WL 7049088, at *3 (D. Or. 2020) ("The Ninth Circuit, moreover, has explained that private entities who provide the public a forum for speech, including YouTube and Google, are not analogous to private entities who perform all the necessary municipal functions.") (simplified).

As a private entity, *The Astorian* is free to create a public forum subject to its own editorial discretion without running afoul of the First Amendment. *See Halleck*, 139 S. Ct. at 1930 ("The private entity may thus exercise editorial discretion over the speech and speakers in the forum."); *cf. Tornillo*, 418 U.S. at 258 (holding that a privately-owned newspaper "is more than a passive receptacle or conduit for news, comment, and advertising" and "[t]he choice of material to go into a newspaper . . . constitute[s] the exercise of editorial control and judgment."). Accordingly, Defendants did not violate Plotkin's First Amendment rights.[4]

---

[4] Plotkin also alleges that Defendants violated Oregon law by prohibiting anonymous advertising. (FAC ¶ 29.) Plotkin misinterprets Oregon law. The Oregon Attorney General's opinion on which he relies concluded that an Oregon statute prohibiting anonymous political advertisement was unconstitutional. *See* Opinion No. 8266, 49 Or. Op. Atty. Gen. 179, 1999 WL 133100 (Mar. 10, 1999). Although the opinion concludes that the Oregon Legislature's prohibition on anonymous political advertising violated the First Amendment, it has no bearing on whether a newspaper may prohibit anonymous political advertising because, again, a newspaper is not a state actor.

PAGE 6 – OPINION AND ORDER

## II.   FUTILITY

Although the Court typically allows a plaintiff to replead his claims, here it would be futile to grant Plotkin leave to amend. It is well settled that a privately-owned newspaper is not a state actor, and there is no cure for the deficiencies in Plotkin's complaint. *See Block v. Wash. State Bar Ass'n*, No. C15-2018RSM, 2016 WL 7734884, at *4 (W.D. Wash. Apr. 19, 2016) (dismissing claims against newspaper on ground that it is not a state actor, and concluding "that granting leave to amend would be futile" where "[t]he Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the invalidity of Plaintiff['s] primary legal assertions").

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss Plotkin's first amended complaint and dismisses the amended complaint with prejudice (ECF No. 22).

**IT IS SO ORDERED.**

DATED this 8th day of March, 2021.

_Stacie F. Beckerman_
HON. STACIE F. BECKERMAN
United States Magistrate Judge