IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARRY L. PLOTKIN, | Case No. 3:20-cv-01865-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| "THE ASTORIAN"; EO MEDIA GROUP; KARI BORGEN; and STEPHEN FORRESTER, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Barry L. Plotkin ("Plotkin"), a self-represented litigant, filed this case against defendants *The Astorian*, EO Media Group, Kari Borgen, and Stephen Forrester (together, "Defendants"). Plotkin asserted claims under 42 U.S.C. § 1983 ("Section 1983") for violations of his First and Fourteenth Amendment rights. (First Am. Compl. ("FAC"), ECF No. 20.) The Court granted Defendants' motion to dismiss, and dismissed Plotkin's claims with prejudice. (ECF No. 22.) As the prevailing parties, Defendants now seek attorney's fees pursuant to 42 U.S.C. § 1988 ("Section 1988"). (ECF No. 38.) For the reasons explained below, the Court denies Defendants' motion for attorney's fees.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Plotkin filed this action alleging Section 1983 claims for the infringement of his First and Fourteenth Amendment rights after a privately owned newspaper, *The Astorian*, withdrew Plotkin's anonymous paid political advertisement from its publication. The Court granted Defendants' motion to dismiss for failure to state a claim, and dismissed Plotkin's claims with prejudice on the ground that a privately owned newspaper is not a state actor and thus is not subject to First Amendment constraints. (ECF No. 37.)

## DISCUSSION

**I.    LEGAL STANDARDS**

A district court has discretion to award attorney's fees to a prevailing defendant in a civil rights case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (applying this standard to Title VII cases); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (applying the *Christiansburg* standard to Section 1983 cases). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation as required by *Christiansburg*." *Hughes*, 449 U.S. at 15-16 (simplified). "[The *Christiansburg*] standard is applied more stringently, however, where a plaintiff is proceeding pro se." *Holdner v. Coba*, Case No. 3:15-cv-2039-AC, 2016 WL 662687, at *1 (D. Or. Nov. 11, 2016) (citation omitted). "When evaluating the appropriateness of an award under Section 1988, the court must consider the pro se plaintiff's 'ability to recognize the merits of his or her claims,' with the understanding a pro se plaintiff is less able to do so than a plaintiff represented by counsel." *Id.* (quoting *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (1987)). Further, "[t]he Ninth Circuit has repeatedly instructed trial courts to consider a plaintiff's ability to pay before awarding

PAGE 2 – OPINION AND ORDER

attorney's fees in favor of a defendant[.]" *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). While the court should not refuse to award fees based solely on a plaintiff's inability to pay, the "award should not subject the plaintiff to financial ruin." *Id.* (quoting *Miller*, 827 F.2d at 621).

## II.  ANALYSIS

### A.  Merits of Plotkin's Claim

The district court has discretion to award attorney's fees to a prevailing defendant if the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. Defendants argue that Plotkin's case was frivolous and without foundation and Plotkin should have known that the court would dismiss his claim because (1) Defendants' counsel explained the law in a letter to Plotkin, and (2) Plotkin conducted his own legal research.[1] (Defs.' Mot. at 4.) The Court finds that Plotkin's claim was not so frivolous or without foundation to justify a fee award here.

Defendants cite cases in which courts have awarded attorney's fees to prevailing defendants despite the plaintiff's self-represented status. (Defs.' Mot. at 3.) However, in those cases, the defendants were able to demonstrate that the plaintiff was on actual notice that their claims were frivolous. *See Holdner*, 2016 WL 6662687, at *5 (awarding attorney's fees to the defendants where the self-represented plaintiff's claims were precluded by two previously filed lawsuits, and recognizing that "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant" (quoting *Miller*, 827 F.2d at 620)); *Bellospirito v. Byrne*, No. SA CV 08-729-JVS(E), 2009 WL

---

[1] Plotkin argues that a fee award is not appropriate because he filed this case in good faith (Pl.'s Resp. at 2), but that is not the relevant standard. *See Christiansburg*, 434 U.S. at 421.

10741538, at *4 (C.D. Cal. Apr. 3, 2009) (holding that a self-represented litigant's claims that the Internal Revenue Code is not properly enacted law and several other facially baseless arguments were sufficiently frivolous to award attorney's fees after defense counsel had informed plaintiff of the baseless nature of his claims and shared controlling case law); *see also Miller*, 827 F.2d at 620 (holding that the district court erred in awarding attorney's fees because although the self-represented litigant should have known his case lacked merit because the claims "had been investigated and rejected by the California Labor Commission, the Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing[,]" the district court did "not indicate that Miller's pro se status was taken into account" and thus "[t]he decision to award attorney's fees was therefore based on legal error").[2]

While Plotkin's claim ultimately did not survive Defendants' motion to dismiss, his claim was not sufficiently frivolous, unreasonable, or without foundation to justify a fee award here. Unlike the plaintiffs in *Miller* and *Holdner*, Plotkin had not previously filed his claim before another court or administrative body, and therefore he was not on notice from any official source that his claim lacked merit. Although Defendants' counsel informed Plotkin of the basis on which his claim was ultimately dismissed, it was not unreasonable for Plotkin to question counsel's motives in urging him to dismiss the case. In addition, unlike the clearly frivolous claims at issue in *Bellospirito*, here the controlling Supreme Court case, *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921 (2019), did not specifically address whether a privately owned newspaper is a state actor nor whether a newspaper is a public forum. In fact, the *Halleck*

---

[2] Defendants also rely on *Beals v. Allen*, 981 F.2d 1257 (9th Cir. 1992) (unpublished table decision), but "[u]npublished dispositions and orders of [the Ninth Circuit] issued before January 1, 2007 may not be cited to the courts of this circuit," except under circumstances not present here. 9th Cir. R. 36-3(c).

PAGE 4 – OPINION AND ORDER

opinion expressly cautioned that its holding was narrow. *See Halleck*, 139 S. Ct. at 1934 ("[O]ur point here should not be read too broadly. . . . [A] local government may decide to itself operate the public access channels on a local cable system . . . or could take appropriate steps to obtain a property interest in the public access channels. . . . [T]he First Amendment might then constrain the local government's operation of the public access channels."). Given Plotkin's self-represented status, age, health issues, and lack of access to a law library, it is not unreasonable nor surprising that he did not fully understand the nuances of constitutional law.

For these reasons, Plotkin's claim was not so "frivolous, unreasonable, or without foundation" to support an award of attorney's fees to the prevailing defendants. *Christiansburg*, 434 U.S. at 421.

B.    **Plotkin's Ability to Pay**

The district court should also "consider a plaintiff's ability to pay before awarding attorney's fees in favor of a defendant[.]" *Patton*, 857 F.2d at 1381. Plotkin alleges he "would not have risked his only asset – his house – on a frivolous effort without believing in good faith in the merit of his position or the foundation upon which it rested[.]" (Pl.'s Resp. ¶ 23.) The Court finds that Plotkin's ability to pay also weighs in favor of denying Defendants' fee motion. *See Patton*, 857 F.2d at 1381 ("[An attorney's fee] award should not subject the plaintiff to financial ruin." (quoting *Miller*, 827 F.2d at 621)).

## CONCLUSION

For the reasons stated, the Court DENIES Defendants' motion for attorney's fees (ECF No. 38).

DATED this 13th day of April, 2021.

*/s/ Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge